## JULIAN C. WOODMAN *vs.* CHARLES TOYE.

Suffolk.    November 19, 1909. — January 7, 1910.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Equity Jurisdiction*, Accounting.   *Partnership.*   *Equity Pleading and Practice*, Reference to master, Frivolous appeal.

A bill in equity alleged that the plaintiff and the defendant had been partners in the practice of law under an agreement which provided for a certain division of fees received, that the partnership had been dissolved by mutual agreement, when it also was agreed that a settlement of accounts between the parties should be had immediately, but that the defendant had not accounted to the plaintiff.   The answer alleged that there had been an accounting and an account stated before the filing of the bill.   Upon a motion for a reference to a master, the issue, whether there had been an accounting and an account stated as alleged in the answer, was heard by a judge of the court, who filed a memorandum stating that the defendant "had failed to establish" such allegation. The case thereupon was referred to a master, who also found that "there was no final accounting or account stated between the plaintiff and the defendant," and stated an account favorable to the plaintiff.   The defendant excepted to the master's report on the ground that, there being in the bill no charge of fraud or mistake in certain divisions of profits between the partners, it was not open to the plaintiff to ask for an examination of all the partnership accounts. *Held*, that, because of the findings of the judge and of the master, the contention of the defendant was without foundation.

Testimony of the plaintiff, at the hearing before a master of a suit in equity for an accounting between former partners in the practice of law for a period ending on a February 17, that, with regard to certain transactions on the.previous December 23, "Everything was then supposed to be squared up to [the following] January 1," does not require a finding that there was an account stated between the parties, where from other facts found by the master it is obvious that no such finding would be warranted, even if the language of the witness in different circumstances might have been susceptible of the construction contended for.

A bill in equity alleged that the plaintiff and the defendant had been partners in the practice of law under an agreement which provided for a certain division of fees received, that the partnership had been dissolved by mutual agreement, when it also was agreed that a settlement of accounts between the parties should be had immediately, but that the defendant had not accounted to the plaintiff.   The answer alleged that there had been an accounting and an account stated before the filing of the bill.   Upon a motion for a reference to a master the issue, whether there had been an accounting and an account stated as alleged in the answer, was heard by a judge of the court, who filed a memorandum stating that the defendant "had failed to establish" such allegation.   The case thereupon was referred to a master.   At the hearing before him, the master ruled in accordance with a request by the plaintiff that the decision of the court on the issue heard before the reference was binding upon the master, and he also found " that there was no final accounting or account stated between the

plaintiff and the defendant." *Held,* that the record plainly showed that the issue raised by the answer was heard and finally decided by the court, and, even if it had not so shown, that the finding of the master concluded the issue adversely to the defendant.

In this case, the defendant's appeal from a final decree of the Superior Court was adjudged frivolous, and therefore it was ordered that the decree appealed from should be so modified as to include double costs and interest at twelve per cent upon the amount awarded by that decree from the date when it was entered.

BILL IN EQUITY, filed in the Superior Court on August 6, 1906, alleging that on or about September 24, 1900, the plaintiff and the defendant entered into a partnership for the practice of law, "that by the terms of said partnership the net returns of the accident cases handled by the plaintiff and the defendant were to be divided equally, that the net returns from all other cases handled by the defendant wherein he employed the services of the plaintiff were to be divided equally"; that the partnership was dissolved by mutual agreement on or about February 17, 1906, when it also was agreed that a settlement of accounts between the parties should be had immediately, but that there had been no accounting by the defendant. The bill prayed for an accounting.

The answer denied the existence of any partnership, set up a different agreement between the parties from that alleged in the bill, and stated that the parties had had an accounting together and an account stated before the filing of the plaintiff's bill.

A replication having been filed and a motion to refer the case to a master having been made, the issue raised by that part of the answer, which stated that the parties had had an accounting and an account stated before the bill was filed, was heard by *Sanderson,* J., who filed a "memorandum of decision" containing the following:

"I have heard the parties and their witnesses and arguments of counsel upon this single issue and find that the defendant has failed to establish the allegation that there was an accounting together and an account stated, and I refer the matter back to the motion session for hearing on the motion to refer the case to a master." ·

The case thereupon was referred to William Reed Bigelow, Esquire, as master, who filed a report containing the following findings of facts among others:

" Upon all the evidence I find that the arrangement was that the plaintiff and defendant were to share the office expenses equally, and were to divide equally the net return of all tort cases brought into the office, and were further to divide the net returns of all other cases where the services of the plaintiff were employed by the defendant.

" I further find that there was no final accounting or account stated between the plaintiff and the defendant."

The master also found that in January, 1906, the plaintiff learned that the defendant had settled a tort case without the plaintiff's knowledge, that a dispute arose between them at that time as to that case and other matters, when the plaintiff said to the defendant, " I know you have been settling cases right along which you have not accounted for to me, and this partnership is going to end right here and now." The report continues : " I find that this conversation was then interrupted, and the defendant went out of the room and the plaintiff said : ' You can settle up with me Monday morning.' On Monday morning the defendant said he was not ready. On March 1 they closed the door between their offices. The plaintiff thereafter made several demands upon the defendant for a settlement, including a letter dated May 4, 1906, in which he wrote, ' Now I desire a settlement with you at once.' The plaintiff heard nothing from the defendant and this suit was brought.

" I further find, and the defendant and his counsel concede, that many tort cases were settled by the defendant prior to this separation, from which he paid the plaintiff nothing. I find that this was not known to the plaintiff until some time in January, 1906. I find that the defendant should account to the plaintiff for half of the fees received from these cases, a list of which with the amount of the fees received is hereto annexed." The total amount of such fees was $2,130.

As to the accounting of December 23, 1905, referred to in the opinion, the master found as follows :

" I find that on December 23, 1905, there was an accounting between these parties when the plaintiff paid the defendant $291.73 by his check. . . .

" The plaintiff testified that ' everything was then supposed to be squared up to January 1, 1906.' At this accounting, how-

ever, and before this payment was made, an agreement was entered into in reference to the case of *Mahoney* v. *Boston Elevated Railroad.* That was a case in which a finding for the defendant had been made in the Municipal Court and the defendant did not wish an appeal taken. Plaintiff desired to appeal the case and did so with the understanding that the defendant should not be liable for any expenses in that case on the appeal. A verdict was recovered for Mahoney in the Superior Court and the plaintiff received a fee of $265. Half of this sum, $132.50, was included in the above reckoning of $327.50 for fees paid by the plaintiff to the defendant. The plaintiff did not have this case reckoned in on the accounting on the original paper, and claimed at this time that if the defendant was not responsible for a share of the costs of the appeal, he should have no share of the fee. The defendant disputed this. Finally the following agreement was made with the plaintiff. There were nineteen cases on the general jury trial calendar of Suffolk County for October, 1905, for which the plaintiff had paid the entire entry fees ; it was agreed that if the plaintiff's share in the fees received from these cases did not amount to more than $327.50, then the defendant should return to the plaintiff the fee of $132.50 received from the Mahoney case."

At the request of the plaintiff, the master ruled that the decision of the judge, set forth in the memorandum of decision quoted above, " was final and binding upon the parties and the master," and he " further ruled that if the question is open before me, the foregoing transaction was not a final accounting and was not inconsistent with the partnership relation alleged, and denied the defendant's requests."

Exceptions to the report were overruled and a final decree ordered that the defendant pay to the plaintiff $1,240.73 as damages and $34.01, as costs, and that execution issue therefor. The defendant appealed. The contentions raised by the exceptions and appeal are stated in the opinion,

The case was submitted on briefs.

*J. L. Keogh,* for the defendant.

*D. L. Smith,* for the plaintiff.

RUGG, J. This is a suit in equity for an accounting between partners. The Superior Court entered a decree in favor of the

plaintiff, in accordance with the findings of the master's report, from which the defendant appealed.

1. The defendant first argues that as the bill contains no charges of fraud or mistake in certain divisions of profits had between the partners, it was not open to the plaintiff to ask for an examination of all the partnership accounts. The principle which the defendant invokes has no application, because a judge of the Superior Court heard the issue as to whether there had been an accounting between the partners or an account stated, and found that there had been no such accounting or account stated, and thereupon referred the case to a master. The master also found, if the question was open to him, to the same effect.

2. The plaintiff testified respecting certain transactions occurring on December 23, 1905, that "everything was then supposed to be squared up to January 1, 1906." The defendant contends that this required a finding that there was an account stated between the parties. From other facts found by the master, it was obvious that no such finding was warranted, even if the language of the witness might in proper connection be susceptible of the construction contended for.

3. The defendant also asked for a ruling that the transaction of December 23 had the effect of taking the cases there mentioned and discussed out of the partnership agreement. It is too obvious to require discussion that upon the facts found by the master no such interpretation of the transaction was required.

4. The defendant excepted to a ruling that the decision of the judge of the Superior Court to the effect that there had been no accounting or account stated between the parties was binding upon the master. The memorandum of the judge of the Superior Court makes it plain that he heard and decided finally the issue raised by the answer respecting that subject. Even if he did not, the finding of the master concluded it adversely to the defendant.

The other exceptions taken by the defendant have not been argued, and are treated as waived.

The appeal appears to be frivolous, and double costs are therefore awarded against the defendant, and interest at the rate of twelve per cent per annum upon the amount found due from the

defendant to the plaintiff from the date of the entry of the final decree. The final decree is to be so modified as to include the costs and interest hereby awarded, and as modified is affirmed.

*So ordered.*